THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD A. NOBLETT, Appellant.— Judgment of conviction of the County Court of Nassau county unanimously affirmed. (*People* v. *Moran,* 123 N. Y. 254; *People* v. *Gardner,* 144 id. 119; *People of State of New York* v. *Blanchard,* 90 id. 314; *Webster* v. *People,* 92 id. 422; Code Crim. Proc. § 542.) Present — Lazansky, P. J., Rich, Young, Carswell and Scudder, JJ.

ESTHER SILVER, Respondent, v. CITY OF YONKERS and THE YONKERS CONTRACTING CO., INC., Appellants, and ANTHONY CIANCIULLI, Defendant. (Actions Nos. 1 and 2.) — Order setting aside verdict and granting new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

HARRY SILVER, Respondent, v. CITY OF YONKERS and THE YONKERS CONTRACTING CO., INC., Appellants, and ANTHONY CIANCIULLI, Defendant.— Order setting aside verdict and granting new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

LILLIAN SILVER, Respondent, v. CITY OF YONKERS and THE YONKERS CONTRACTING CO., INC., Appellants, and ANTHONY CIANCIULLI, Defendant.— Order setting aside verdict and granting new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

HANNAH SULLIVAN, as Receiver of the Property, Assets, Rights and Effects of the Estate of TIMOTHY D. SULLIVAN, Deceased, Suing in Her Own Behalf and in Behalf of All Other Holders of Land Purchase Certificates Issued by the Defendant, Respondent, v. MOUNT CARMEL CEMETERY ASSOCIATION, Appellant.— Order, as resettled, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, upon the ground that a case for the appointment of a receiver was not made out. Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ., concur.

HANNAH SULLIVAN, as Receiver of the Property, Assets, Rights and Effects of the Estate of TIMOTHY D. SULLIVAN, Deceased, Suing in Her Own Behalf and in Behalf of All Other Holders of Land Purchase Certificates Issued by the Defendant, Respondent, v. MOUNT CARMEL CEMETERY ASSOCIATION, Appellant.— Interlocutory judgment reversed upon the law and the facts and a new trial granted, costs to abide the event. The trial of the action had not reached the point where judgment could be rendered. It was the duty of the Special Term to determine the validity of the salaries and commissions paid to the three officers in question, and it was improper to reserve that question " for future determination by the court " after the referee reported thereon. The conclusion of law that the referee report to the court the facts necessary to enable the court to determine the validity of such salaries or commissions was improperly made, as was the conclusion that the payment of commission " was not justified and was and is illegal.". These determinations could only be made after proof that the contracts between defendant and said officers were improvident and illegal and that the plaintiff and other certificate holders suffered injury thereby. The trial may show such a state of facts as will render a reference unnecessary in this case. Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ., concur.